# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JANICE ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| GE APPLIANCES - DECATUR, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, Janice Allen (hereinafter Ms. "Allen" or "Plaintiff"), and hereby files this Complaint against GE Appliances – Decatur, LLC (hereinafter "G E A" or "Defendant") and states as follows:

## JURISDICTION AND VENUE

1. This is an action alleging disability discrimination in violation of Title I of the Americans with Disabilities Act Amendment Act ("ADAAA"), 42 U.S.C. §§ 12101 *et seq*., to redress the deprivation of Plaintiff's statutory rights. Janice Allen is a qualified individual with a disability who has been denied accommodations and equal opportunities, benefits and services in her employment on a continued basis. Plaintiff is entitled to damages under Title I of the ADAAA.[1]

---

[1] Ms. Allen filed a charge of discrimination in the Birmingham District Office of the Equal Employment Opportunity Commission against Defendant General Electric Appliances, alleging age discrimination in violation of the Age

1

2. This Court has jurisdiction in accordance with 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201, 2202. The unlawful practices alleged herein were committed by Defendant in Morgan County in the state of Alabama; thus, venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

3. Ms. Allen has fulfilled all conditions precedent to the institution of this action under the ADAAA. Ms. Allen filed her charge of disabilities discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") within 180 days of the occurrence of the last respective discriminatory act, Charge No. 420-2021-03026, on or about September 27, 2021. Ms. Allen's notice of right to sue was mailed to her on or about October 6, 2021. A copy of Ms. Allen's Charge of Discrimination and her Notice of Rights are attached hereto as Exhibit 1.

## PARTIES

4. Ms. Allen is a female citizen of the United States of America, is a resident-citizen of the state of Alabama, and is over the age of 19. At all times relevant to this action, Ms. Allen was employed by Defendant.

5. Defendant General Electric Appliances is an employer in Morgan County, Alabama. For all times relevant herein, Defendant employed at least 15 persons.

---

Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et. seq.*, on or about November 22, 2021. Said charge of discrimination is pending investigation.

## **FACTS**

6.     Ms. Allen began working at GEA's facility through a temporary staffing agency in 1998.  On or about July 27, 2007, Ms. Allen left to pursue another employment opportunity.

7.     On or about November 18, 2013, GEA hired Ms. Allen fulltime as an assembly worker.  In this role, Ms. Allen's duties included, but were not limited to, safety, quality, and fast-passed assembly. Ms. Allen always performed her job duties well.  She was never subject to discipline or behavior modification or performance improvement plan.

8.     In or about September 2002, Ms. Allen underwent a splenectomy, i.e. spleen removal.  GEA had knowledge of Ms. Allen's surgery.

9.     Because she has no spleen, Ms. Allen's immune system is compromised, which makes her substantial more vulnerable to viral infections and other physical maladies and medical illnesses than the population at large.

10.    During an appointment with Dr. Gregory S. Cheatham in March 2020, the nurse explained to Ms. Allen that she was at high risk for grave physical illness or even death if she contracted COCID-19.

11.    Later in March 2020, Ms. Allen, spoke with her supervisor (Ms. Sheila Reno) and then Lisa Terry (of Human Resources) about COVID-19, its likely

ramifications given her compromised immune system and underlining condition(s), and the heightened risk of exposure given the configuration of her work space and GEA's lack of COVID-19 transmission safeguards.

12. In light of the nurse's report and Ms. Allen's legitimate concerns, Lisa Terry informed Ms. Allen that she could take and unpaid leave and to return to work when she felt safe.

13. On or about August 7, 2021, Chris Smith (Team Leader Y-85 1st Shift) contacted Ms. Allen asking when she was returning to work. Ms. Allen explained that she needed to be away from people and there were no enforced social distancing practices in her area. Mr. Smith explained that there were some open positions in his area that would provide ample safe distancing.

14. In August 2021, GEA management started to press Ms. Allen about returning to work. Ms. Allen again voiced concern for her safety. Although management claimed that the facilities had implemented COVID-19 safety protocols, Ms. Allen's team members informed her that management's representations were untrue.

15. Ms. Allen asked Mike Plemmons whether she could take the job offered by Chris Smith, but Plemmons summarily and flatly rejected her request. At no time after August 1, 2021, did Ms. Allen request continued absence as an accommodation for her disability.

16. Defendant never discussed with Ms. Allen what could be done to accommodate her condition.

17. Around September 15, 2021, Ms. Allen received two letters at the same time from GE Appliances – one was dated September 2, 2021; the other was dated September 14, 2021.

18. The correspondence dated September 14, 2021 was a notice of termination. In the September 2 letter, GEA directed Ms. Allen to return to work on September 7. 2021 and noted erroneously that Ms. Allen had requested additional time off to accommodate her disability. Ms. Allen did not receive the September 2 letter until around September 15, 2021.

19. On or about September 27, 2021, Ms. Allen filed a charge of discrimination in the Birmingham District Office of the Equal Employment Opportunity Commission, alleging disability discrimination in violation of the ADAAA.

20. The EEOC mailed its Dismissal and Notice of Sue Rights on EEOC Charge number 420-420-2021-03026 to Ms. Allen on or about October 6, 2021.

**COUNT I—Title I of the ADAAA (Disability Discrimination)**

21. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-20 above as if set forth herein verbatim.

22. Plaintiff is a person with a disability, has a history of disability and is

regarded or perceived as disabled pursuant to 42 U.S.C. § 12102.

23. Despite Plaintiff's disability, with or without a reasonable accommodation, she was, and is, able to perform the essential functions of her job, within Defendant. Thus, Plaintiff meets the definition of a "qualified individual with a disability," pursuant to 42 U.S.C. § 12111.

24. Defendant has intentionally and with reckless disregard discriminated against Plaintiff due to her perceived disability and has otherwise classified, and segregated Plaintiff in a way which has adversely affected her job opportunities and status due to her perceived disability, as that term is defined by the ADAAA. 42 U.S.C. § 12112.

25. Defendant has also limited Plaintiff and utilized standards, criteria and/or methods of administration which discriminated against her in job selection assignments and job classifications that have the effect of subjecting Plaintiff to discrimination prohibited by the ADA. 42 U.S.C. § 12112.

26. Defendant's standards, criteria and methods of administration have the effect of discriminating against the Plaintiff based on her disability; and Defendant perpetuates discrimination of others who are subject to common administrative control. Such standards, criteria and methods of administration are not job related and they are not consistent with business necessity. 29 C.F.R. 1630.7.

27. Defendant has also failed to reasonably accommodate Plaintiff and has taken adverse action against Plaintiff due to the need to make a reasonable accommodation. The reasonable accommodation would cause no undue hardship to Defendant. 42 U.S.C. § 12112. A manager offered Ms. Allen a position that would have accommodated her disability, but Defendant, inexplicably, summarily snatched the opportunity from her.

28. Defendant has, too, violated the confidentiality provisions of the ADAAA by divulging Plaintiff's confidential medical history to its employees and/or agents.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this honorable Court assumes jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant, including the action taken against Plaintiff by the Defendant are violative of Plaintiff's rights as secured by the Americans with Disabilities Act Amendment Act, Title I, 42 U.S.C. § 12101, *et seq*.

2. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys, and those acting in concert with Defendant from

continuing to violate the Americans with Disabilities Act, Title II, 42 U.S.C. § 12101, *et seq*.

3. Enter an Order requiring Defendant to make Plaintiff whole by awarding Plaintiff (i) the position and compensation she would have had in the absence of disability discrimination; (ii) back pay; (iii) front pay; (iv) lost seniority; (v) lost benefits; (vi) nominal damages; (vii) compensatory damages; and (viii) punitive damages.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses.

## JURY DEMAND
**Plaintiff demands a trial by struck jury on all issues so triable.**

**THE UNDERSIGNED COUNSEL REQUESTS THAT THE CLERK OF COURT DELIVER THE SUMMONS AND COMPLAINT TO DEFENDANT AT THE ADDRESS BELOW. THE UNDERSIGNED COUNSEL HAS PROVIDED OR WILL PROVIDE THE REQUISITE MATERIALS TO EFFECTUATE VIA CERTIFIED MAIL DELIVERY WITH THE CLERK OF COURT DESIGNATED AS THE RECIPIENT OF THE RETURN SERVICE CERTIFICATE.**

Respectfully submitted, this **6th** day of December, 2021.

*/s/ Robert L. Beeman, II*
Robert L. Beeman, II
Attorney for Plaintiff
Alabama Bar No. 1838-E63R
3720 4th Avenue South
Birmingham, AL 35222
rlbsportsmgnt@att.net
205.422.9015 (P)
800.693.5150 (F)

                                        */s/ Roderick T. Cooks*
                                        Roderick T. Cooks
                                        Attorney for Plaintiff
                                        Alabama Bar No. 5819-O78R
                                        Winston Cooks, LLC
                                        341 24th Street North, Box 122
                                        Birmingham, AL 35203
                                        rcooks@winstoncooks.com
                                        205.502.0970 (P)
                                        205.278.5876 (F)

## **CERTIFICATE OF SERVICE**

       I hereby certify a copy of the Complaint has been (or will be) arranged to be served on Defendant GE Appliances – Decatur, LLC at the address below.  Done this 6th day of December, 2021.

                                        */s/Robert L. Beeman, II*_____
                                        Robert L. Beeman, II
                                        [ASB-1838-E63R]

**DFEFENDANT'S ADDRESS**
GE Appliances – Decatur, LLC
  c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, AL 36104